UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: _____

MALEY DACOSTA,

    Plaintiff,

vs.

THE CITY OF HIALEAH, a Political
Subdivision, and JESUS "JESSE" MENOCALL,
JR., an individual,

    Defendants.
_____/

## NOTICE OF REMOVAL

The Defendant, CITY OF HIALEAH ("City"), by and through its undersigned counsel, hereby files this Notice of Removal in the above-styled cause to the United States District Court, Southern District of Florida, on the following grounds:

1.    This cause was originally filed by the Plaintiff, Maley Dacosta ("Plaintiff") in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, as Case No. 19-017287-CA-01.

2.    This is a civil action predicated, in part, on 42 U.S.C. §1983 and Defendants' alleged violations of Plaintiff's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution. Plaintiff's Complaint ("Compl.") at p. 2, ¶5, attached hereto as **Exhibit A**.

3.    Specifically, Plaintiff alleges that, on June 14, 2015, she was pretextually stopped by Defendant, Menocal – a City employee – falsely arrested, held against her

will, and sexually assaulted. *Id.* at pp. 1 and 2, ¶¶ 2-8.

4.     Plaintiff further alleges that, at the time Menocal was engaged in the aforementioned conduct, he was "acting under color of [state] law, to wit: the statutes, ordinances, regulations, policies, customs, and usage of the State of Florida". *Id.* at p. 3, ¶16.

5.      28 U.S.C. §1331 confers original jurisdiction on the federal courts for "all "civil actions arising under the Constitution, laws, or treaties of the United States". *See Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149, 152 (1908). (noting that it is sufficient if a federal question appears on the face of the plaintiff's well-pleaded complaint).

6.     As a general rule, a case "arises under" federal law if federal law creates the cause of action, or if a substantial disputed issue of federal law is a necessary element of a state law claim. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9–10 (1983).

7.     However, it is not enough that a plaintiff merely reference federal statutes in their complaint. *See, e.g., Miccosukee Tribe of Indians of Fl. v. Kraus-Anderson Const. Co.*, 607 F.3d 1268, 1273 (11th Cir. 2010) ("a mere incantation that the cause of action involves a federal question is not always sufficient" (citations omitted)).

8.     Instead, to vest a district court with federal question jurisdiction, a plaintiff's complaint "must claim a right to recover under the Constitution and laws of the United States" *Id.* (quoting *Bell v. Hood,* 327 U.S. 678, 681 (1946) and *Murphy v. Inexco Oil Co.,* 611 F.2d 570, 573 (5th Cir. 1980)).

9.     Here, Plaintiff expressly and indisputably claims rights under the U.S. Constitution ("[t]his action arises under federal law and the Fourth, Fifth, Sixth, and

Fourteenth Amendments to the United States Constitution") and, in Count III, she asserts a cause of action for an alleged violation of 42 U.S.C. §1983.  Compl. at pp. 2 and 6.

10. Generally, to state a claim under §1983, a plaintiff must plead that: (1) they were deprived of a Constitutionally protected right; and (2) the alleged deprivation was committed under color of state law. *See, e.g., Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *see also Rayburn v. Hogue*, 241 F.3d 1341, 1348 (11th Cir. 2001). Plaintiff's Complaint contains both of these allegations. *See Id.* at p. 6, ¶52.

11. Thus, the instant suit is one over which a U.S. District Court has original, federal question subject matter jurisdiction. Moreover, the fact that Plaintiff has also asserted state law claims in her Complaint does divest this court of jurisdiction or defeat the City's right to remove.

12. To the contrary, 28 U.S.C. §1367(a) makes clear that "in any civil action [over] which the district courts have original jurisdiction, [they] shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III".

13. Here, Plaintiff's state law claims for false arrest, battery, negligent supervision and retention, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence are all so related to her Section 1983 claim that they form part of the same Article III case or controversy.

14. Accordingly, this Court may properly exercise supplemental jurisdiction over her state law claims.  *See, e.g., Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 742-43 (11th Cir. 2006)(noting that the "case or controversy" standard in §1367(a)

"confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim").

15.     Moreover, this Notice is timely filed.  The removal of this cause is authorized by the provisions of 28 U.S.C. §1441(c). It became removable on the date the City was served with Plaintiff's Complaint (i.e., on September 13, 2019), allowing the City thirty (30) days or until October 13, 2019 to file its Notice of Removal. 28 U.S.C. §1446(b).

16.     Written notice of the filing of the Notice of Removal, on this date, has been given to Plaintiff through her attorney and a copy of this Notice has been filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.  28 U.S.C. §1446(d).

17.     In addition, while unanimity among <u>properly</u> joined and served defendants ordinarily is a precondition to removal, the other named defendant in this action, JESUS "JESSE" MENOCAL, JR., has not yet been properly served and, therefore, his joinder and/or consent is not required.  *See* 28 U.S.C. §1446(b)(2)(A)("all defendants who have been properly joined and served must join in or consent to the removal of the action); *see also GMFS, L.L.C. v. Bounds*, 275 F. Supp. 2d 1350, 1353 (S.D. Ala. 2003)(unserved co-defendant need not consent); City of Hialeah's Notice of Improper Service dated September 27, 2019, attached as **Exhibit B**. Despite providing Plaintiff with information concerning a time and location to effect service of process on the Co-Defendant, Plaintiff has failed to do so.

18.     Lastly, the City has attached hereto and filed herewith as Composite **Exhibit C**, the docket from the state court action, and copies of all process, pleadings, and papers served and filed in the aforementioned state court action, which are not

otherwise attached as exhibits to this Notice of Removal. 28 U.S.C. §1446(a).

WHEREFORE, the Defendant, THE CITY OF HIALEAH, respectfully requests that this Court assume jurisdiction of this case pursuant to its original federal question subject matter jurisdiction.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** on this **9th** day of October, 2019 the undersigned filed the foregoing with the Clerk of the Court for the United States District Court, Southern District of Florida, by using the CM/ECF system and served by email to to: ANTHONY M. GEORGES-PIERRE, ESQ., Remer & Georges-Pierre, PLLC, *Counsel for Plaintiff*, 44 West Flagler St., Ste. 2200, Miami, FL 33130.

> **BOWMAN AND BROOKE LLP**
> Attorneys for Defendant
> **THE CITY OF HIALEAH**
>
> By: */s/ Christine L. Welstead*
> **Christine L. Welstead, Esq. (FBN# 970956)**
> Christine.welstead@bowmanandbrooke.com
> **Carolina S. Pinero, Esq. (FBN#119335)**
> Carolina.pinero@bowmanandbrooke.com
> Two Alhambra Plaza, Ste. 800
> Miami, Florida 33134
> Tel: (305) 995-5600; Fax: (305) 995-6100