IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT
IN AND FOR
MIAIM-DADE COUNTY, FLORIDA

MALEY DACOSTA, an individual

    Plaintiff,

v.

The CITY OF HIALEAH, a political
subdivision and
JESUS "JESSE" MENOCALL, JR., an
individual,

    Defendants

**COMPLAINT**

## INTRODUCTION

1. This is a civil rights action filed on behalf of MALEY DACOSTA whose rights under the United States Constitution were violated when she was wrongfully detained, harassed, and imprisoned by Defendant Jesus "Jesse" Menocall, Jr., a Law Enforcement Officer employed by THE CITY OF HIALEAH, Florida and in particular The Hialeah Police Department.

2. DACOSTA was pretextually stopped by MENOCALL and taken to a Hialeah Police Station and into a room with no cameras on June 14, 2015.

3. DACOSTA's same Constitutional rights were violated when she, a minor at the time, was falsely arrested by MENOCALL, forced to strip for MENOCALL down to her bra and underwear and later asked to remove her bra as well but she refused.

4. At this time MENOCALL was rubbing his penis over his pants and asking explicit questions such as how DACOSTA, at the time an underage lesbian female, has sex with her partner.

5. MENOCALL became indignant once DACOSTA refused to remove her clothing and stated "I thought you wanted to fuck me."

6. MENOCALL forced Plaintiff to turn around and moved close to Plaintiff to while Plaintiff was wearing only her bra and underwear

7. After MENOCALL realized the underage Plaintiff was not going to have sex with him he let DACOSTA know she could put her clothes on and he escorted her out of the building without charging her with any crime.

8. DACOSTA was told by MENOCALL that as long as she did not tell anyone about what happen she would not tell her mother she had a run-in with the police.

9. This is an action for money damages brought pursuant to 42 U.S.C. Section 1983, the Constitution of the United States, and under the common law of the State of Florida Against the City of Hialeah and Jesus "Jesse" Menocall, Jr.

## JURISDICTION AND VENUE

10. This action arises under federal law and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

11. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331 and 1343 and the supplemental jurisdiction of this court to entertain claims arising under state law pursuant to 28 U.S.C. Section 1367. 5. Venue is proper in this district because it is where the events complained of occurred.

12. The Defendant City of Hialeah is a municipal corporation in the State of Florida.

13. The Defendant Jesus "Jesse" Menocall is a law enforcement officer working as a Police Officer for the City of Hialeah and is otherwise sui juris.

14. The Plaintiff Maley Dacosta is a resident of Miami-Dade County, Florida.

## THE PARTIES

15. The Plaintiff Maley Dacosta is 21 years old, and at the time of the incident, DACOSTA was seventeen years old.

16. Defendant police officer Jesus Menocall ("MENOCALL") was at all times relevant to this complaint a certified law enforcement officer in the State of Florida. At the time of this incident he was a duly appointed and acting as a police officer of the City of Hialeah, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usage of the State of Florida/ Hialeah.

17. At all material times, Defendants City of Hialeah and Menocall were engaged in unconstitutional activity, including false imprisonment, harassment, and others which were the proximate cause of the violations of Plaintiff's federally protected rights and the damages suffered therefrom.

## STATEMENT OF FACTS

18. Plaintiff, Maley Dacosta ("Dacosta") was driving with her girlfriend when a police car blocked their exit preventing them from driving.

19. Dacosta gave her Florida Driver's License to Officer Menocall clearly indicating she was 17 years old.

20. Dacosta was taken into a facility owned, managed, maintained, or operated by the Hialeah Police Department and Defendant City of Hialeah.

21. Dacosta was taken into the police station through a back entrance.

22. Dacosta was taken to what is known as the "squad room" of the "sub station" and more particularly an area that has no cameras.

23. While in the squad room Menocall forced Dacosta, a 17-year old girl, to remove her clothing under the guise that it was being done for legitimate purposes.

24. Menocall touched himself and removed his weapon when asking Dacosta sexually explicit questions regarding Dacosta's lesbian sex with her partner while he rubbed himself through his pants.

25. Menocall forced Plaintiff to turn around to see her behind in her underwear.

26. Menocall asked the 17-year old Dacosta to remove her bra and panties but Dacosta refused.

27. Menocall stated to Dacosta, "I thought you wanted to fuck me."

28. After Dacosta refused Menocall's inappropriate advances and let Dacosta know she was on her period Dacosta was escorted out of the facility.

29. The facility that Dacosta was taken to had not been approved as a location to take arrested civilians.

30. There is no legitimate purpose for Menocall to take an underage female to this office.

31. There is no legitimate reason for Menocall to touch himself and ask Dacosta to remove her clothing.

32. Menocall performed all these actions with client against the wall and locking the door.

33. Menocall let Dacosta know he had her address and wrote Dacosta's address in the middle of a notepad for later use including but not limited to intimidating the Plaintiff.

34. Menocall instructed Dacosta not to tell anyone about what had happened, and told her to never come to Hialeah again.

35. During the course of the Defendant City's employment of Defendant Menocall, the City of Hialeah became aware, or should have become aware of information that Defendant Menocall was utilizing his position to prey on both teenage girls as well as other vulnerable citizens.

36. Upon information and belief Menocall has taken advantage of citizens both before and after the incident with Dacosta.

### COUNT I
### False Arrest against Defendant City of Hialeah and Defendant MENOCALL

37. Plaintiff DACOSTA realleges paragraphs 1 through 36 and incorporates them by reference herein.

38. Defendant City of Hialeah is responsible for the conduct of its police Officers who

are acting in the course and scope of their employment.

39. On June 14, 2013, Plaintiff DACOSTA was arrested by Defendant MENOCALL, a Miami Beach police officer who was acting in the course and scope of his duties as a police officer.

40. Such seizure physically deprived DACOSTA of her freedom and liberty.

41. The arrest, sexual advances, humiliation, was unlawful and unreasonable in that it was not based upon lawfully issued process of Court.

42. As a result of the actions of Defendant MENOCALL, for which Defendant the City of Miami Beach is responsible, Plaintiff DACOSTA suffered damages.

43. Pursuant to Fla. Stat. § 768.28(9)(a), the City is not "liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting willful and wanton disregard of human rights, safety or property."

44. As permitted by Fed. R. Civ. P. 8(d), in the alternative to the contrary allegations set forth in this Complaint, Plaintiff DACOSTA alleges that Defendant Archer committed the tort of false arrest, but not in bad faith or with malicious purpose, nor in a manner exhibiting willful and wanton disregard of human rights, safety, or property.

45. Vicarious liability should be imposed on the City of Hialeah for the Defendant Archer's acts of false arrest to the extent allowed by law.

## COUNT II
### Battery against Defendant City of Miami Beach

46. Plaintiff Dacosta realleges paragraphs one through sixty-four and incorporates them by reference herein.

47. Defendant City of Hialeah is responsible for the conduct of its police officers who are acting in the course and scope of their employment.

48. Defendant MENOCALL, while acting in the course and scope of his employment as a police officer, did unreasonably and unlawfully touch or strike and batter Plaintiff Dacosta at the City of Miami Beach Police Station at the scene where she was arrested by Archer. Said battery was against the will of Plaintiff DACOSTA, and without her permission or consent.

49. As a result of the actions of Defendant Archer, for which Defendant the City of Hialeah is responsible, Plaintiff DACOSTA suffered damages.

50. Vicarious liability should be imposed on the City of Hialeah for the Defendant MENOCALL's acts of battery to the extent allowed by law.

## COUNT III

42 U.S.C. §1983 Fourth and Fourteenth Amendments Violation against Defendants for False Arrest

51. Plaintiff DACOSTA realleges paragraphs one through sixty-four and incorporates them by reference herein.

52. While Defendant Menocal was acting under color of law as a police officer for the City of Hialeah, he deprived the then minor Plaintiff Maley Dacosta of rights secured to her under the Fourth and Fourteenth Amendments to the United States Constitution.

53. Defendant Menocall unlawfully and without probable cause seized and arrested Dacosta.

54. Plaintiff Dacosta suffered damages as a result of being falsely arrested.

55. The conduct of Defendant Menocall violated DACOSTA's established right to be free from an unreasonable seizure and unlawful arrest as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and for which 42 U.S.C. § 1983 provides a remedy.

## COUNT IV
### Negligent Supervision and Retention against Defendant City of Hialeah

56. Plaintiff Dacosta realleges paragraphs one through sixty-five and incorporates them by reference herein.

57. The Defendant City of Hialeah has a duty to protect individuals from the acts of false arrest and excessive force by the police officers the City employs.

58. During the course of the City's employment of Defendant Menocall, the City knew or had reason to know that Defendant Archer had a history of misconduct indicating that he was unfit to serve as a police officer; that he had a history of committing civil rights violations and, that he posed a danger to the public.

59. The City breached its duty of reasonable care by: a) retaining Defendant Menocall as a police officer; b) failing to discipline Defendant Menocall for committing acts of misconduct; c) failing to train and/or retrain Defendant Menocall; and d) failing to reassign Menocall to a position where he would not pose a threat to the public; e) failing to properly supervise and counsel Menocall.

60. As a direct and proximate cause of the wrongful acts and omissions of the Defendant City of Hialeah, Plaintiff Dacosta suffered damages.

## COUNT V. Intentional Infliction of Emotional Distress

61. Plaintiff Dacosta realleges paragraphs one through sixty-five and incorporates them by reference herein.

62. Defendant Menocall's conduct toward Plaintiff was extreme and outrageous. Defendant, acting under color of a police officer took Plaintiff, a 17-year-old girl and forced her to remove her clothing in an attempt to have sex with her.

63. As a result of these actions Plaintiff has suffered both mental and financial damages as she

was afraid to remain in the city of Hialeah, or even drive the same car she once had.

64. At all relevant times, Defendant Menocall and Defendant City of Hialeah owed these two Plaintiffs a duty to act with reasonable care.

65. As a result of Defendant Menocalls action Plaintiff was forced to move to a new property, change her car, and go to therapy.

66. As a direct and legal result of Defendant Menocall and Defendant City of Hialeah's injuries to Plaintiff, Plaintiff has suffered damages.

Count VI- Negligent Infliction of Emotional Distress

67. Plaintiff Dacosta realleges paragraphs one through sixty-five and incorporates them by reference herein.

68. Any and all injuries to Plaintiff when considering the acts of Defendant Menocall was reasonably foreseeable.

69. At all relevant times, Defendant Menocall and Defendant City of Hialeah owed Plaintiff a duty to act with reasonable care, and the injury to Plaintiff was foreseeable.

70. Defendants has the power, ability, authority and duty to stop engaging in the conduct described herein and to intervene to prevent or prohibit such conduct.

71. Was perpetrated by agents of the government, the Defendants confirmed and ratified such

72. Despite said knowledge, power, and duty, Defendants negligently failed to stop have known, that the conduct described herein would and did proximately result in Plaintiff conduct with the knowledge that Plaintiff's emotion and physical distress would thereby increase and with wanton and reckless disregard for the deleterious consequences to Plaintiff.

73. Plaintiff was forced to strip in front of a male office while she was seventeen years old. This

was done by a man who she believed was a police office and who she was taught was to uphold the law of the land. However, her trust was betrayed as this agent of the government attempted to have sex with her and touched himself while she was forced to disrobe and answer sexually explicit questions.

## Count VI Negligence

74. Plaintiff alleges and incorporates by reference the allegations set forth in paragraphs 1 through 64 as if fully set forth herein.

75. Defendants failed to use ordinary or reasonable care to avoid injury to Plaintiff. Defendants' negligence was a cause of injury, damage, loss or harm to Plaintiff.

76. As a result of these acts, Plaintiff suffered harm including, but not limited to suffering, and severe emotional distress.

77. Defendants' conduct constitutes negligence and is actionable under the laws of the State of Florida. Plaintiff is entitled to compensatory and punitive damages in amounts to be ascertained at trial.

**PRAYER FOR RELIEF**

78. WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

 a) For compensatory damages according to proof;

 b) For punitive and exemplary damages according to proof;

 c) For reasonable attorneys' fees and cos of suit, according to proof

 d) For such other and further relief as the court may deem just and proper

## DEMAND FOR JURY TRIAL

Plaintiff Dacosta hereby demands a jury trial as to all issues triable by a jury.

Respectfully submitted,

                                    **REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone:   305-416-5000
Facsimile:   305-416-5005

By: /s/ *Shawn L.M. Hairston, Sr.*
**Anthony Georges-Pierre, Esq.**
Fla. Bar. No.:533637
**Shawn L.M. Hairston, Esq**. Fla.
Bar. No.: 110046
shairston@rgpattorneys.com