UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 19-24166-CIV-MORENO

MALEY DACOSTA,

    Plaintiff,

vs.

THE CITY OF HIALEAH, a Political
Subdivision, and JESUS "JESSE"
MENOCALL, JR., an individual,

    Defendants.
_____/

**DEFENDANT, CITY OF HIALEAH'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND SUPPORTING MEMORANDUM OF LAW**

Defendant, The City of Hialeah ("City"), moves this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for the entry of an Order dismissing the Complaint filed herein by the Plaintiff, Maley Dacosta ("Plaintiff") and, in support thereof, submits the following incorporated Memorandum of Law:

**BACKGROUND**

1. This is an action for damages arising out of an alleged sexual assault that the Defendant, Jesus Menocal ("Menocal"), a City of Hialeah police officer, perpetrated on the Plaintiff at a Hialeah police station on June 14, 2015. *See* Plaintiff's Complaint attached as Exhibit A to Defendant's Notice of Removal [ECF No. 1] at pp. 1, ¶¶2 and 3.

2. Specifically, Plaintiff alleges that Menocal falsely arrested her, detained her against her will, forced her to strip down, and began rubbing himself and asking sexually explicit questions, before swearing her to silence and ultimately releasing her without charging her with a crime. *Id.* at pp. 1 and 2, ¶¶3 through 8.

CASE NO.: 19-24166-CIV-MORENO
**DEFENDANT, CITY OF HIALEAH'S MOTION TO DISMISS PLAINTIFF'S
<u>COMPLAINT AND SUPPORTING MEMORANDUM OF LAW</u>**

3. Plaintiff further alleges that, in doing so, Menocal violated her Constitutional rights, engaged in conduct violative of 42 U.S.C. §1983, committed various common law and intentional torts, including False Arrest (Count I), Battery (Count II), Intentional Infliction of Emotional Distress (Count V), Negligent Infliction of Emotional Distress (Count VI), and Negligence (Count VI).

4. Though inartfully drawn, Plaintiff appears to assert those same causes of action against the City, principally under a theory sounding in *respondeat superior*, as well as a claim for Negligent Supervision and Retention (Count IV), the latter of which is predicated on what Plaintiff alleges to be "a history of misconduct" involving "**Defendant Archer**". Compl. at p. 7, ¶58 (emphasis added).[1]

5. Plaintiff then boldly asserts a general entitlement to compensatory and exemplary damages, as well attorney's fees as to both Defendants, without proffering any statutory, contractual, or common law bases for the latter or making any effort to lay a proper predicate (to the extent one conceivably exists) for the recovery of punitive damages, especially for her negligence-related causes of action.

---

[1] Plaintiff's reference to the wrong officer defendant in Paragraph 58 is hardly the only glaring "party error" in her Complaint. Indeed, the Complaint is riddled with references to the wrong police officer defendant and the wrong municipality. *See* Compl. at ¶39 ('Defendant, Menocal, a **Miami Beach police officer**"), ¶42 ("As a result of the actions of Defendant, Menocal, for which the **City of Miami Beach** is responsible"), ¶44 ("Plaintiff, Dacosta alleges that **Defendant Archer** committed the tort of false arrest"), ¶45 ("Vicarious liability should be imposed on the City of Hialeah for the **Defendant Archer**'s acts of false arrest"), Count II and ¶48 (wherein Plaintiff captions Count II as being a Battery claim against the "**City of Miami Beach**" and alleges that the wrongful misconduct occurred at "the **City of Miami Beach** Police Station"), and ¶49 ("As a result of the actions of **Defendant Archer**"). Any one or all of these pleading irregularities, standing alone, is sufficient to warrant dismissal of Plaintiff's Complaint.

6. This Motion seeks dismissal of Plaintiff's claims that seek to hold the City vicariously liable for the intentional conduct of its employees in violation of Florida's sovereign immunity statute, as well as Plaintiff's claims for negligent training, supervision, and retention, because the activities complained of are a discretionary function of the City for which it is immune from liability.

## **STANDARD OF REVIEW**

It is hornbook law that a pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Moreover, a complaint cannot rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557 (alteration in original)). Instead, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Id.* (quoting *Twombly,* 550 U.S. at 570).

Similarly, "more than conclusory allegations are required to state a cause of action under §1983". *Bush v. City of Daytona Beach*, No. 6:12-CV-1541-ORL-36, 2013 WL 3209430, at *6 (M.D. Fla. 2013) (citing *Keating v. City of Miami,* 598 F.3d 753, 762–63 (11th Cir. 2010) ("this circuit, along with others, has tightened the application of Rule

CASE NO.: 19-24166-CIV-MORENO
**DEFENDANT, CITY OF HIALEAH'S MOTION TO DISMISS PLAINTIFF'S**
**<u>COMPLAINT AND SUPPORTING MEMORANDUM OF LAW</u>**

8 with respect to §1983 cases in an effort to weed out nonmeritorious claims, requiring that a §1983 plaintiff allege with some specificity the facts which make out its claim") (internal quotation marks omitted)). Finally, when reviewing a motion to dismiss, a court must limit its consideration to the pleadings and exhibits attached to the pleadings and, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See, e.g., Chaparro v. Carnival Corp.,* 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Florida v. South Everglades Restoration Alliance,* 304 F.3d 1076, 1084 (11th Cir. 2002).

### <u>ARGUMENT</u>

**I.   THE CITY IS ENTITLED TO THE DISMISSAL OF PLAINTIFF'S SECTION 1983 CLAIMS**

In *Monell v. Department of Social Services,* 436 U.S. 658, 691 (1978), the Supreme Court made it clear that although municipalities can be sued under section 1983, liability must be predicated upon more than a theory of *respondeat superior*. Furthermore:

> Local governing bodies . . . can be sued directly under § 1983 . . . where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Moreover . . . local governments . . . may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decision-making channels.

*Id.* at 690-691 (internal footnotes omitted).[2] Regardless of whether the basis of the claim

---

[2] For purposes of 42 USC §1983, official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent

Case 1:19-cv-24166-FAM Document 4 Entered on FLSD Docket 10/16/2019 Page 5 of 15

CASE NO.: 19-24166-CIV-MORENO
**DEFENDANT, CITY OF HIALEAH'S MOTION TO DISMISS PLAINTIFF'S
<u>COMPLAINT AND SUPPORTING MEMORANDUM OF LAW</u>**

is an officially promulgated policy or an unofficially adopted custom, however, it must be the "moving force of the constitutional deprivation" before liability may attach. *City of Oklahoma City v. Tuttle,* 471 U.S. 808, 820 (1985) (internal quotation marks omitted) (quoting *Polk County v. Dodson,* 454 U.S. 312, 326 (1981)); *see also McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (stating the general rule that "[t]o impose [section] 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation").

Thus, not only must there be some degree of "fault" on the part of the municipality in establishing or tolerating the custom or policy, but there also must exist a causal link between the custom or policy and the deprivation. *City of Oklahoma City,* 471 U.S. at 824; *see also Grech v. Clayton County, Ga.*, 335 F.3d 1326, 1330 (11th Cir. 2003)(quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) for the proposition that, in order to prevail against a municipality on a section 1983 claim "[m]ost plaintiffs ... must show that the county has a custom or practice of permitting [a particular constitutional violation] and that the county's custom or practice is the 'moving force [behind] the constitutional violation'"). The Supreme Court, in turn, "has defined the term 'custom' to include 'persistent and wide-spread ... practices,' 'permanent and well settled' practices, and 'deeply embedded traditional ways of carrying out policy.'" *Fundiller v. City of Cooper City,* 777 F.2d 1436,

---

and widespread as to practically have the force of law. *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011). These are the only "'action[s] for which the municipality is actually responsible.'" *Id.* (citing *Pembaur v. Cincinnati*, 475 U.S. 469, 479–80 (1986)).

CASE NO.: 19-24166-CIV-MORENO
**DEFENDANT, CITY OF HIALEAH'S MOTION TO DISMISS PLAINTIFF'S
<u>COMPLAINT AND SUPPORTING MEMORANDUM OF LAW</u>**

1442 (11th Cir. 1985) (citation omitted). "Although not necessarily adopted by a person or body with rulemaking authority, customs can become so settled and permanent as to have the force of law." *Id.* (citing *Monell*, 436 U.S. at 690–91).

Courts in the Southern District of Florida have made it clear that the foregoing principles limit municipal liability under section 1983 to situations "where - and only where - a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question". *Casado v. Miami-Dade Co.,* 340 F. Supp. 3d 1320, 1326 (S.D. Fla. 2018)(quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)); *see also Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998). Such a showing, in turn, requires a plaintiff to plead and prove: (1) that the local government entity ... has authority and responsibility over the governmental function in issue; and (2) the identity of those officials who speak with final policymaking authority for that local governmental entity concerning the act alleged to have caused the particular constitutional violation...." *Grech*, 335 F.3d at 1330. The failure to do so mandates dismissal. *Casado*, 340 F. Supp. 3d at 1329.

In this case, Plaintiff has not identified either (1) "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the City's] officers, or (2) a 'custom' [of the City]" that even relates to, let alone served as the "moving force [behind] the constitutional deprivation[s]" that form the basis for Plaintiff's section 1983 claims (*e.g.,* her "seizure" and/or false arrest). *See* Complaint at p. 6 (Count III). In fact, aside from collectively referring to "Defendants" in the caption of Count III, mentioning that the City was Menocal's employer, and sloppily incorporating by reference the allegations in

Case 1:19-cv-24166-FAM Document 4 Entered on FLSD Docket 10/16/2019 Page 7 of 15

CASE NO.: 19-24166-CIV-MORENO
**DEFENDANT, CITY OF HIALEAH'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT AND SUPPORTING MEMORANDUM OF LAW**

"paragraphs one through sixty-four" in Paragraph 51, Plaintiff does not even mention the City in the body of Count III. Absent specific allegations describing the custom or policy implicated, Plaintiff has not stated and cannot state a cause of action for violation of that statute. Accordingly, this Court should Dismiss Count III.[3] *See Bush v. City of Daytona Beach*, No. 6:12-CV-1541-ORL-36, 2013 WL 3209430, at *6 (M.D. Fla. 2013) (citing *Twombly,* 550 U.S. at 555 in support of its finding that a complaint that "essentially recite[s] the elements of a claim and [does] not provide[] sufficient factual allegations to cross 'the line from conceivable to plausible'" is fatally deficient).

## II. THE CITY IS IMMUNE FROM LIABILITY FOR ITS EMPLOYEE'S WANTON, WILLFUL AND MALICIOUS ACTS

Section 768.28(9)(a), Florida Statutes provides, in pertinent part, that:

> The State or its subdivisions [*i.e.*, the City of Hialeah] shall not be liable in tort for the acts or omissions of an officer, **employee**, or agent committed while acting outside the course and scope of her or his employment **or** committed in bad faith **or** with malicious purpose **or** in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Fla. Stat. §768.28(9)(a) (emphasis added).

Florida state and federal courts, including courts in the Southern District, have repeatedly applied section 768.28(9)(a) to bar plaintiffs from pursuing claims against municipalities based on a variety of intentional torts, including false arrest, false imprisonment, battery, and intentional infliction of emotional distress. *See, e.g., Casado*,

---

[3] The City readily acknowledges that the Eleventh Circuit has identified a false arrest as a violation of the Fourth Amendment that, properly pled, can form the basis for a viable claim under section 1983. *See, e.g., Jones v. Brown*, 649 Fed. Appx. 889, 890 (11th Cir. 2016). However, as to the City, Plaintiff simply has not met that pleading standard here.

340 F. Supp. 3d at 1330 (allegations that defendant officer repeatedly punched plaintiff in the face, slammed him on the hood of his car, arrested him without probable cause, and fabricated evidence "constitute conduct that can only be described as 'committed in bad faith or with malicious purpose' and, therefore, triggered section 768.28(9)(a) immunity for defendant municipality); *see also Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1330 (11th Cir. 2015) ("Fla. Stat. §768.28(9)(a) ... bars claims for both intentional infliction of emotional distress and malicious prosecution"); *Alicea v. Miami-Dade County*, No. 13-21549-Bloom [DE 95] (S.D. Fla. Oct. 25, 2014) (while plaintiff's "complaint skillfully avoids the words 'malicious, bad faith or in reckless and wanton disregard for human rights, safety, or property' county was nonetheless entitled to section 768.28(9)(a) immunity because the complaint alleged that the officer "made false statements and material omissions" regarding the plaintiff's arrest and "'violently pummeled' [the plaintiff] in the head, face and torso [which was done] without reasonable suspicion or probable cause"); *Mena v. Miami-Dade County*, No. 14-20030-CIV, 2014 WL 3667806, *2 (S.D. Fla. July 22, 2014) (officers' actions, which included "pulling Mr. Mena out of the car, throwing Mr. and Mrs. Mena, beating them, handcuffing them, and arresting them[,]" could only be characterized "as actions 'committed in bad faith or with malicious purpose'" and, therefore, plaintiffs' intentional tort claims against the county were barred by Section 768.28(9)(a)).

Plaintiff's intentional tort claims against the City (Count I – False Arrest, Count II – Battery, and Count V – Intentional Infliction of Emotional Distress) should suffer a similar fate. Indeed, the officer-involved conduct alleged here, which includes taking a minor into

Case 1:19-cv-24166-FAM Document 4 Entered on FLSD Docket 10/16/2019 Page 9 of 15

CASE NO.: 19-24166-CIV-MORENO
**DEFENDANT, CITY OF HIALEAH'S MOTION TO DISMISS PLAINTIFF'S**
**<u>COMPLAINT AND SUPPORTING MEMORANDUM OF LAW</u>**

custody, transporting her to a room with no cameras, locking the door, instructing her to remove her clothing, asking her sexually explicit questions, and telling her to remove her bra and panties – all while the officer "touched himself" is far more egregious than that which the courts in *Casado*, *Alicea*, and *Mena* deemed only characterizable as conduct "committed in bad faith or with malicious purpose". Compl. at pp. 3 and 4, ¶¶18-27. Moreover, Plaintiff alleges that Menocal implicitly and explicitly intimidated and threatened to seek retribution against her if she told anyone about his having sexually assaulted her. *Id.* at p. 4, ¶¶28-34. Finally, given the nature and gravity of Plaintiff's allegations, the mere fact that she affirmatively alleges that Menocal did not act "in bad faith or with malicious purpose, nor in a manner exhibiting willful and wanton disregard of human rights, safety, or property" does not support, let alone require a different result any more than the plaintiff's "skillful" failure to mention the buzz words in *Alicea* altered the result mandated by a plain reading of the allegations in that complaint.

### III. THIS COURT SHOULD DISMISS COUNT IV, SINCE PLAINTIFF REPEATEDLY ALLEGES THAT MENOCAL ACTED IN THE COURSE AND SCOPE OF HIS EMPLOYMENT AT ALL TIMES

Florida state and federal courts have consistently held that a plaintiff may pursue a claim against an employer for negligent hiring, retention, and/or supervision claim, but only to the extent that the offending acts of the employee upon which the underlying claim is predicated were committed **outside** the scope and course of employment. *See, e.g., Johnson v. Scott,* No. 2:13–cv–500–FtM–38UAM, 2013 WL 5928931, at *6 (M.D. Fla. Nov. 1, 2013); *see also Belizaire v. City of Miami,* 944 F. Supp. 2d 1204, 1214 (S.D. Fla. 2013) ("[T]he tort of negligent hiring or retention under Florida law 'allows for recovery

Case 1:19-cv-24166-FAM   Document 4   Entered on FLSD Docket 10/16/2019   Page 10 of 15

CASE NO.: 19-24166-CIV-MORENO
**DEFENDANT, CITY OF HIALEAH'S MOTION TO DISMISS PLAINTIFF'S**
**<u>COMPLAINT AND SUPPORTING MEMORANDUM OF LAW</u>**

against an employer for acts of an employee committed outside the scope and course of employment'"). Obviously, the converse also is true, namely where a plaintiff affirmatively alleges that the underlying acts of the employee occurred within the course and scope of their employment, a claim for negligent hiring, retention, and/or supervision will not lie and must be dismissed. *See, e.g., Debose v. University of South Florida*, 178 F. Supp. 3d 1258, 1269-70 (M.D. Fla. 2016).

In Count IV of her Complaint, Plaintiff seeks to hold the City liable for failing to train and/or retrain, failing to supervise, failing to discipline, failing to reassign, and retaining Defendant Menocal for the myriad of acts committed against her – all of which, on their face, would plainly seem to be well outside the course and scope of Defendant Menocal's duties as a City police officer. Compl. at p. 7. However, Plaintiff repeatedly and affirmatively alleges just the opposite (*i.e.*, that, at all times material to the Complaint, Menocal "was acting in the course and scope of his duties as a police officer"). *See* Compl. at 5, ¶39. *See also Id.* at p. 5, ¶47 ("Defendant City of Hialeah is responsible for the conduct of its police officers who are acting in the course and scope of their employment"); p. 6, ¶48 ("Defendant Menocal, while acting in the course and scope of his employment as a police officer …"). Accordingly, this Court should dismiss her claims for negligent hiring, retention and/or supervision.

**IV.   PLAINTIFF'S CLAIM FOR NEGLIGENT TRAINING ALSO MUST BE DISMISSED BECAUSE THE CITY HAS NOT WAIVED ITS SOVEREIGN IMMUNITY FOR DISCRETIONARY FUNCTIONS, INCLUDING POLICE OFFICER TRAINING**

It is settled law that "a governmental agency is immune from tort liability based upon actions that involve its 'discretionary' functions, such as development and planning

CASE NO.: 19-24166-CIV-MORENO
**DEFENDANT, CITY OF HIALEAH'S MOTION TO DISMISS PLAINTIFF'S <u>COMPLAINT AND SUPPORTING MEMORANDUM OF LAW</u>**

of governmental goals and policies." *Swofford v. Eslinger*, 686 F. Supp. 2d 1277, 1290 (M.D. Fla 2009)(citing *Lewis v. City of St. Petersburg,* 260 F.3d 1260, 1266 (11th Cir. 2001)) (internal quotation omitted). Moreover, courts consistently have held that a government municipality's decisions "regarding how to train its officers and what subject matter to include in the training is clearly an exercise of governmental discretion regarding fundamental questions of policy and planning" and, therefore, barred by sovereign immunity. *Lewis v. City of St. Petersburg,* 260 F.3d 1260, 1266 (11th Cir. 2001); *see also Bussey–Morice v. Kennedy,* No. 6:11–cv–970–Orl–36GJK, 2013 WL 71803, at *5 (M.D. Fla. Jan. 7, 2013); *Gelbard v. City of Miami,* 845 F. Supp. 2d 1338, 1341 (S.D. Fla. 2012).

In Count IV of her Complaint, Plaintiff expressly challenges the policy decisions of the City relating to the manner in which it trained or retrained or, alternatively, failed to train or retrain Officer Menocal. In doing so, she also is implicitly challenging policies established by the State of Florida, including, but not limited to, standards promulgated by the Criminal Justice Standards and Training Commission, which the Florida Legislature created to "actively provide statewide leadership in the establishment, implementation, and evaluation of criminal justice standards and training for all law enforcement officers, correctional officers, and correctional probation officers." Fla. Stat. § 943.085(3). Such challenges strike at the heart of the "discretionary functions" of a State and its municipalities, including the City, and, as such, are barred by the doctrine of sovereign immunity.  Accordingly, this Court should strike the negligent training allegations in Count IV.

CASE NO.: 19-24166-CIV-MORENO
**DEFENDANT, CITY OF HIALEAH'S MOTION TO DISMISS PLAINTIFF'S
<u>COMPLAINT AND SUPPORTING MEMORANDUM OF LAW</u>**

## V. THE ALLEGATIONS IN THE COMPLAINT ARE LEGALLY INSUFFICIENT TO RENDER THE CITY VICARIOUSLY LIABLE FOR MENOCAL'S INTENTIONAL TORTS

Florida courts consistently have held that "an employer cannot be held liable for the tortious or criminal acts of an employee [under the doctrine of *respondeat superior*], unless they were committed during the course of the employment and to further a purpose or interest, however excessive or misguided, of the employer". *See, e.g., Nazareth v. Herndon Ambulance Serv., Inc.,* 467 So. 2d 1076, 1078 (Fla. 5th DCA 1985) (cases cited therein); *see also Perez v. Zazo,* 498 So. 2d 463, 465 (Fla. 3d DCA 1986)("It is entirely clear that responsibility for the intentional wrongful acts of a servant-employee may be visited upon his master-employer under the doctrine of *respondeat superior* **only when** that conduct in some way furthers the interests of the master or is at least motivated by a purpose to serve those interests, rather than the employee's own").

These same courts, in turn, have held that an employee's conduct is deemed to be "within the scope of his employment" for purposes of determining [an] employer's vicarious liability to third persons injured by the employee, **only if** (1) the conduct is of the kind the employee is hired to perform, (2) the conduct occurs substantially within the time and space limits authorized or required by the work to be performed, and (3) the conduct is activated at least in part by a purpose to serve the master". *Sussman v. Florida E. Coast Props., Inc.,* 557 So. 2d 74, 75–76 (Fla. 3d DCA), *rev. den.*, 574 So. 2d 143 (Fla. 1990) (emphasis added); *see also Kane Furniture Corp. v. Miranda,* 506 So. 2d 1061 (Fla. 2d DCA), *rev. denied,* 515 So. 2d 230 (Fla. 1987); *Whetzel v. Metropolitan Life Ins. Co.,* 266 So. 2d 89 (Fla. 4th DCA 1972). Thus, as a general rule, "sexual assaults and

Case 1:19-cv-24166-FAM   Document 4   Entered on FLSD Docket 10/16/2019   Page 13 of 15

CASE NO.: 19-24166-CIV-MORENO
**DEFENDANT, CITY OF HIALEAH'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT AND SUPPORTING MEMORANDUM OF LAW**

batteries by employees are held to be outside the scope of an employee's employment, and therefore, insufficient to impose vicarious liability on the employer." *Nazareth,* 467 So. 2d at 1078 (cases cited therein).

Here, the gravamen of Plaintiff's Complaint, though clothed in a myriad of intentional and negligence-based causes of action (*i.e.,* false arrest, battery, intentional and negligent infliction of emotional distress, negligent supervision and retention, and negligence) is a sexual assault that allegedly was perpetrated by Menocal. Plaintiff further alleges that the City is vicariously liable for Menocal's intentional and tortious misconduct, because, he purportedly was acting in the course and scope of his employment when he committed that assault - allegations that, while wholly unsupportable under Florida law, this Court must accept as true for purposes of the instant Motion. However, Plaintiff has not alleged that, in engaging in that sexual assault, Menocal was "furthering a purpose or interest" of the City, nor, in good faith, can she make such a claim. Accordingly, the City is entitled to the entry of an Order dismissing Counts I, II, V, VI, and VII.[4].

**VI.   THIS COURT MUST DISMISS OR STRIKE PLAINTIFF'S CLAIMS AGAINST THE CITY FOR EXEMPLARY DAMAGES**

This Court must dismiss or strike Plaintiff's claims for punitive damages against the City because she has failed to plead any basis for recovery of punitive damages against a municipality. In the ad damnum clause of her Complaint, Plaintiff prays, in a conclusory fashion, for an award of, inter alia, "punitive and exemplary damages according to proof" against both Defendants.  Compl. at p. 9, ¶78(b).  As such, it is

---

[4] Plaintiff erroneously/duplicatively mislabeled her Negligence Count as "Count VI".

Case 1:19-cv-24166-FAM   Document 4   Entered on FLSD Docket 10/16/2019   Page 14 of 15

CASE NO.: 19-24166-CIV-MORENO
**DEFENDANT, CITY OF HIALEAH'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT AND SUPPORTING MEMORANDUM OF LAW**

impossible to determine whether that demand applies to one or more or all Counts asserted in the Complaint. However, to the extent it pertains to the City, it must be stricken or dismissed, as the City is immune for punitive damages on all Counts against it as alleged.

First, as to her federal claim, Plaintiff cannot pursue punitive damages against the City because "a municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). As to her state law claims, while Florida's waiver of sovereign immunity statute provides that "[t]he state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances," it expressly provides that such "liability **shall not include punitive damages**" [...].[5] Section 768.28(5), Fla. Stat. (emphasis added).

Accordingly, Plaintiff's "demand" for an award of exemplary damages should be stricken.

## CONCLUSION

Based on the foregoing arguments and authorities, Defendant, The City of Hialeah, respectfully requests that this Court dismiss any and all claims against it in Plaintiff's Complaint and that this Court grant the City any and all such further relief to which it is entitled.

---

[5] As used in this act, "state agencies or subdivisions" is defined to include "counties and municipalities." Section 768.28(2), Fla. Stat.

CASE NO.: 19-24166-CIV-MORENO
**DEFENDANT, CITY OF HIALEAH'S MOTION TO DISMISS PLAINTIFF'S
<u>COMPLAINT AND SUPPORTING MEMORANDUM OF LAW</u>**

## <u>CERTIFICATE OF SERVICE</u>

**WE HEREBY CERTIFY** on this **<u>16th</u>** day of October, 2019 the undersigned filed the foregoing with the Clerk of the Court for the United States District Court, Southern District of Florida, by using the CM/ECF system to: ANTHONY M. GEORGES-PIERRE, ESQ., Remer & Georges-Pierre, PLLC, Counsel for Plaintiff, 44 West Flagler St., Ste. 2200, Miami, FL 33130.

**BOWMAN AND BROOKE LLP**

By: */s/ Christine L. Welstead*
**Christine L. Welstead, Esq. (FBN# 970956)**
Christine.welstead@bowmanandbrooke.com
**Carolina S. Pinero, Esq. (FBN#119335)**
Carolina.pinero@bowmanandbrooke.com
Two Alhambra Plaza, Ste. 800
Miami, Florida 33134
Tel: (305) 995-5600; Fax: (305) 995-6100

***Attorneys for Defendant THE CITY OF HIALEAH***